UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JONATHAN EDWARDS | CIVIL ACTION NO. 6:12-cv-3034 |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| STATE OF LOUISIANA | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

Jonathan Edwards, proceeding *pro se* and *in forma pauperis*, filed the instant civil action on December 3, 2012.  Edwards is a detainee in the custody of the Sheriff of Lafayette Parish. He is detained at the Lafayette Parish Corrections Center (LPCC) where he is awaiting trial on armed robbery charges which are pending in Louisiana's Fifteenth Judicial District Court. He complains that his statutory and Constitutional rights to a speedy trial have been violated and that he has been denied access to the Courts. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Edwards was arrested and booked into the LPCC on July 30, 2012. He is charged with armed robbery with a firearm.[1]  He claims that sometime prior to October 18, 2012 he filed a writ in the Fifteenth Judicial District Court claiming a violation of his right to a speedy trial. His writ

---

[1] See http://jades.lafayettesheriff.com:8888/index.php?nav=record&id=747830

was apparently denied and on that date the State of Louisiana filed the Bill of Information charging him with armed robbery. Edwards is represented by counsel, Rochell Jones, Esq. Edwards also claims that he has been denied access to the LPCC law library and therefore he has been unable to file a *pro se* motion to suppress. He also complains that the State has not responded to his attorney's motion for discovery. He prays for injunctive relief granting him access to the law library. He also implies that he is entitled to his immediate release based upon the State's violation of his statutory and Constitutional rights to a speedy trial.

*Law and Analysis*

*1. Screening*

Edwards is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis.* Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Habeas Corpus

Edwards implies that his continued detention is unlawful and in violation of his statutory and Constitutional rights to a speedy trial. He implies that he entitled to an immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action, and, since in this instance Edwards is a detainee who attacks the legality of his pre-trial detention, the proper mechanism for seeking such relief is an application for *habeas corpus* filed pursuant to 28 U.S.C. §2241. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982). Since release from custody is not an available remedy in this civil rights proceeding, Edwards's complaint must be dismissed for failing to state a claim for which relief may be granted.

Further, Edwards would gain nothing from severing his *habeas* claims from these proceedings. Although this court theoretically has jurisdiction to adjudicate Edwards's speedy trial claim, principals of federalism demand that he first exhaust available Louisiana court remedies prior to seeking federal *habeas corpus* relief. The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,*

117 F.3d 233 (5th Cir. 1997)*; Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

In order to satisfy the exhaustion requirement, Edwards must have provided all state courts that could review the matter with a fair opportunity to review his *habeas corpus* claims before proceeding in federal court. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270. In other words, before seeking *habeas corpus* relief in federal court, Edwards must first have fairly presented the substance of his federal constitutional claims to the highest state court in a procedurally correct manner. *Picard*, 404 U.S. at 275. In Louisiana, the highest court is the Louisiana Supreme Court. See La. Const. Art. 5, §5(A) ("The supreme court has general supervisory jurisdiction over all other courts.") Thus, before proceeding in this court, Edwards must first present his Speedy Trial claims to the Fifteenth Judicial District Court, then, if unsatisfied with the result, to Louisiana's Third Circuit Court of Appeals (See La. Const. Art. 5, §10(A) and La. R.S.13:312(3)(a)), and, finally, to the Louisiana Supreme Court. In other words, even if Edwards's speedy trial claims were to be considered in the context of a *habeas corpus* petition, dismissal would still be appropriate.

### 3. Access to Courts

Edwards does present a claim cognizable in a Section 1983 action when he asserts that he has been denied his right of access to the prison law library and thus his Constitutionally guaranteed right of access to the Courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not

unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).  Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).  Edwards has not shown how his ability to prepare and transmit legal documents was in any way been inhibited by the defendants.

Further, and to the extent that Edwards is represented by counsel in the complained of criminal prosecution, he likewise has failed to state a claim for which relief may be granted. Under established law, the appointment or retention of counsel by a detainee satisfies the detainee's right of access to the courts. *Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996). Edwards is not Constitutionally entitled to be both represented by counsel and to proceed *pro se* in his criminal defense.

Finally, to the extent that Edwards or his attorney are dissatisfied with the progress of the criminal proceedings, their remedy, as noted above, is to seek the supervisory jurisdiction of the Court of Appeals and the Louisiana Supreme Court if necessary. In short, Edwards's access to courts claim is frivolous.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that Edwards's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana May 28, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE